Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Todd A. Lyon, OSB No. 076706
tlyon@fisherphillips.com
Janelle W. Debes, OSB No. 211543
jdebes@fisherphillips.com
FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262 Telephone
(503) 242-4263 Facsimile

Attorneys for Plaintiffs

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| CASALA, LLC, dba Bubble's Hash, an Oregon limited liability company; and REC REHAB CONSULTING LLC, dba Ascend Dispensary, an Oregon limited liability company, | Case No. |
| | COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF |
| Plaintiffs, | **DEMAND FOR JURY TRIAL** |
| v. | |
| TINA KOTEK, Governor of the State of Oregon, in her official capacity; DAN RAYFIELD, Attorney General of the State of Oregon, in his official capacity; DENNIS DOHERTY, Chair of the Oregon Liquor and Cannabis Commission, in his official capacity; and CRAIG PRINS, the Executive Director of the Oregon Liquor and Cannabis Commission, in his official capacity, | |
| Defendants. | |

Plaintiffs Casala, LLC, dba Bubble's Hash ("Bubble's Hash"), and Rec Rehab Consulting LLC, dba Ascend Dispensary ("Ascend") (collectively, "Plaintiffs"), by and through its counsel, bring its Complaint against Defendants Tina Kotek, in her official capacity as the Governor of the State of Oregon ("Governor Kotek"); Dan Rayfield, in his official capacity as the Attorney General of the State of Oregon ("AG Rayfield"); Dennis Doherty, in his official capacity as the Chair of the Oregon Liquor and Cannabis Commission ("Chair Doherty"); and Criag Prins, in his official capacity as the Executive Director of the Oregon Liquor and Cannabis Commission ("Director Prins") (collectively, "Defendants"), and allege as follows:

## NATURE OF THE ACTION

1.      Plaintiffs filed this action for declaratory and injunctive relief pursuant to the Declaratory Relief Act, 28 U.S.C. §§ 2201-2202, to declare Oregon's United for Cannabis Worker Act, or Ballot Measure 119 ("Measure 119"), as unconstitutional under the United States Constitution.

2.      Plaintiffs also seek temporary, preliminary, and permanent injunctive relief enjoining the enforcement of Measure 119 and other related actions undertaken by Defendants pursuant to these provisions.

## JURISDICTION AND VENUE

3.      Jurisdiction of this action arises under 28 U.S.C. § 1131, federal question jurisdiction, because Plaintiffs' claim arises under (i) the due process and equal protection provisions of the Fourteenth Amendment of the United States Constitution, which incorporates the free speech provisions of the First Amendment; (ii) the Supremacy Clause of the Constitution of the United States, Article VI, Clause 2, which designates the Constitution and the Laws of the

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

United States as the supreme Law of the Land; (iii) the laws of the United States, namely the National Labor Relations Act ("NLRA"), 29 U.S.C. § 151 *et seq*.; and (iv) the Contract Clause of the Constitution of the United States, Article I, Clause 1, which designates that no state shall pass any law impairing the obligations of contracts.

4.      Jurisdiction of this action also arises under 28 U.S.C. §§ 2201-2202, since this is an actual controversy in which Plaintiffs seek declaratory judgment.

5.      Venue in this judicial district and division is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## PARTIES

6.      Plaintiff Casala, LLC, dba Bubble's Hash, is an Oregon limited liability company with its principal place of business located at 4605 SW Beaverton Hillsdale Hwy, Portland, Oregon 97221.

7.      Bubble's Hash is a recreational marijuana processor defined by ORS 475C.085. It processes marijuana into usable edibles, and concentrates for the sale to recreational marijuana retailers. Bubble's Hash's recreational processor license with the OLCC is 030-10229496F53. It has the following endorsements: concentrate processor, edible processor, industrial hemp, and topical processor. Bubble's Hash's license renewal is May 22, 2025.

8.      Plaintiff Rec Rehab Consulting LLC, dba Ascend Dispensary, is an Oregon limited liability company with its principal place of business located at 13836 NE Sandy Blvd., Portland, Oregon 97230.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

9.      Ascend is a recreational marijuana retailer defined by ORS 475C.097. It sells general use cannabinoid products, concentrates, and extracts to adults over the age of 21. Ascend's recreational retailer license with the OLCC is 050-1013413CA5B. It has the following endorsements: marijuana home delivery and medical marijuana retailer. Ascend's license renewal is February 18, 2025.

10.     Defendant Tina Kotek is the Governor of the State of Oregon, whose office is located in Salem, Oregon. Governor Kotek is responsible for the appointment of the commissioners to the Oregon Liquor and Cannabis Commission. ORS 471.705; OAR 845-015-0101 (1). Governor Kotek has the authority to suspend any cannabis license, certificate, or permit in the event of imminent danger or disaster. ORS 475C.485. Governor Kotek can declare a state of emergency and issue executive orders related to cannabis regulation. ORS 401.165; ORS 401.168; ORS 401.236.  Governor Kotek has issued a moratorium and caps on cannabis licenses, declaring an emergency. HB 4121. Governor Kotek is ultimately responsible for the enforcement of the cannabis regulations in the State of Oregon, including Measure 119 and is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 209 U.S. 123 (1908); *Sterling v. Constantin*, 287 U.S. 378, 53 S. Ct. 190, 77 L. Ed. 375 (1932).

11.     Defendant Dan Rayfield is the Attorney General of the State of Oregon, whose office is located in Salem, Oregon. ORS 180.050. AG Rayfield is the chief law officer of the State of Oregon and all its departments. ORS 180.210. AG Rayfield may "appear, commence, prosecute, or defend any action, suit, matter, cause or proceeding in any court when requested by any state officer, board, or commission[.]" ORS 180.060 (1)(d). AG Rayfield is also responsible for the enforcement of the cannabis regulation in the State of Oregon, including Measure 119. ORS

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

475C.413; ORS 183.452; OAR 845-003-0331. Defendant Rayfield is also involved in contested case proceedings and provides advice to the OLCC in matters involving retailer and processor cannabis licensure revocation, denial, and approval. OAR 845-003-0331. Defendant Rayfield is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 209 U.S. 123 (1908).

12.    Defendant Dennis Doherty is the Chair of the Oregon Liquor and Cannabis Commission, whose office is located in Portland, Oregon. Chair Doherty is responsible for the Oregon Liquor and Cannabis Commission ("OLCC") and the enforcement of the cannabis regulation in the State of Oregon, including Measure 119. ORS 471.040 (2); ORS 471.720; OAR 845-003-0670. Chair Doherty oversees the OLCC tasked with the issuance, renewal, suspension, revocation, and refusal of marijuana licenses in the State of Oregon. ORS 475C.017; ORS 475C.033; ORS 475C.037; ORS 475C.049; OAR 845-003-0220 (1). Chair Doherty is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 29 U.S. 123 (1908).

13.    Defendant Craig Prins is the Executive Director of the Oregon Liquor and Cannabis Commission, whose office is located in Portland, Oregon. Director Prins is responsible for the management of the Oregon Liquor and Cannabis Commission and the enforcement of the cannabis regulation in the State of Oregon, including Measure 119. ORS 471.040 (2); ORS 471.720; OAR 845-003-0670; OAR 845-015-0101 (1). Director Prins oversees the OLCC tasked with the issuance, renewal, suspension, revocation, and refusal of marijuana licenses in the State of Oregon. ORS 475C.017; OAR 845-003-0220 (1). Director Prins is amenable to suit pursuant to the *Ex Parte Young* exception to sovereign immunity. 209 U.S. 123 (1908).

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

## THE FACTS

### Oregon's Relevant Cannabis Regulations

14.    In November 2014, the State of Oregon voted to legalize the recreational use of marijuana through Ballot Measure 91. Measure 91 permitted persons who were licensed, controlled, regulated, and taxed by the State of Oregon to legally manufacture and sell marijuana to persons over the age of 21. Measure 91 is now codified under Or. Laws Ch. 475C (formerly 475B).

15.    Defendants through the OLCC have the authority to regulate the purchase, sale, production, processing, transportation, and delivery of marijuana in the State of Oregon. ORS 475C.017(2)(a). Defendants also have the authority to adopt, amend, or repeal rules and to carry out the provisions of the cannabis regulations including any law of the state that charges the OLCC with a duty, function, or power as it relates to marijuana. ORS 475C.017(2)(c)-(d).

16.    Defendants through the OLCC have the authority to grant, refuse, suspend, or cancel licenses for the sale, processing, production, or other licenses as related to marijuana. ORS 475C.017(2)(b). Effective January 1, 2017, recreational marijuana could only be sold by those that had obtained a recreational license through the OLCC.

17.    Applicants for a license or renewal of a license under ORS 475C.005-475C.525 must apply in the form that the OLCC requires. The OLCC may reject or refuse any application or renewal license. ORS 475C.033.

18.    The processing of marijuana is subject to the regulations of the OLCC, and any marijuana processor in the State of Oregon must have a processor's license for the premises at which the marijuana is processed, including Plaintiff Bubble's Hash. ORS 475C.085.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

19.     The retail sale of marijuana is subject to the regulations of the OLCC, and any marijuana retailer must have a retail license for the premises at which the marijuana items are sold, including Plaintiff Ascend. ORS 475C.097.

20.     Without a valid license, registration, or applicable exemption, a person may not produce, process, transport, deliver or sell marijuana items in the State of Oregon.

21.     Effective March 7, 2024, Governor Kotek extended the 2022 statewide caps and moratorium placed on all new applications for recreational marijuana producers, processors, wholesalers, and retailer licenses as managed by Defendants through the OLCC.

**Brief History of HB 3183 (2023)**

22.     In the 82nd Oregon Legislative Assembly—2023 Regular Session, HB 3183 was introduced relating to labor peace agreements as a condition for cannabis licensure in the State of Oregon.

23.     HB 3183, if passed, would have required the OLCC to accept cannabis applicants or renewal licenses from producers, wholesalers, retailers, and processors if they submitted a signed declaration that the applicant or licensee would not interfere with communications between labor representatives and employees regarding organizing rights. Or they offered a signed declaration that the applicant or licensee had entered into a labor peace agreement with the labor organization. HB 3183 is attached as Exhibit 1.

24.     Had HB 3183 passed, any applicant or licensee that failed to comply with the declaration upon licensure or the terms of the labor peace agreement, were at risk of suspension or revocation.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

25.     HB 3183 was introduced at the request of the United Food and Commercial Workers Local 555 ("UFCW 555"). It was pitched that California, New Jersey, New York, Illinois, and Virginia had similar state statutes requiring labor peace agreements between licensed cannabis businesses and labor organizations. Challenges to these state statutes as unconstitutional have ensued.

26.     In February and March 2023, the House Committee on Business and Labor held a work group to discuss the impact of HB 3183. For the first time, the implications of HB 3183 on the NLRA were discussed. Further analysis was required.

27.     At the request of Representative Paul Hovey, Senior Deputy Legislative Counsel Jessica A. Santiago was tasked with determining whether the NLRA preempted the state from enacting portions of HB 3183. A copy of Ms. Santiago's letter is attached as Exhibit 2.

28.     Ms. Santiago determined that if HB 3183 and the -3 amendments to HB 3183 were enacted it would "most likely be preempted under preemption principles outlined in *San Diego Bldg. Constr. Trades Council v. Garmon,* 359 U.S. 236, 79 S. Ct. 773 (1959), and under *Int'l Assoc. of Machinists v. Wis. Emp. Rel. Comm'n*, 427 U.S. 132, 96 S. Ct. 2548 (1976).

29.     HB 3183 died in committee upon adjournment in June 2023.

30.     UFCW 555 spearheaded a failed recall election of Representative Paul Hovey as a result.

**The United for Cannabis Workers Act—Ballot Measure 119 (November 2024)**

31.     In July 2024, UFCW 555 was instrumental in qualifying the United for Cannabis Workers Act for the November 2024 general election ("Measure 119"). Measure 119 ensures that licensed cannabis businesses enter into labor peace agreements. These are commonly referred to

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

as "neutrality agreements" by the NLRA. The relevant problematic provisions of HB 3183 are similar to Measure 119. Measure 119 is attached as <u>Exhibit 3</u>.

32.    On November 5, 2024, Measure 119 was approved and took effect on December 5, 2024.

33.    Measure 119 is to be codified under ORS 475C.005 to 475C.525, Oregon's cannabis regulatory statutes, and is to be enforced by Defendants through the OLCC.

**<u>The Unconstitutionality of Measure 119's Labor Peace Agreement Requirement</u>**

34.    Measure 119 applies to applications for licenses and certifications as well as renewal licenses and certifications received by the OLCC on or after December 5, 2024. Due to the caps and moratorium in effect by Governor Kotek, Measure 119 essentially applies only to renewal licenses.

35.    Measure 119 applies to processor, retail, medical (processor), medical (retailer), researchers (certification), and laboratory cannabis licenses and certifications defined under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289, and 475C.548, referred to hereinafter as "the Licensees."

36.    At issue here, Measure 119 contains a provision that mandates the Licensees to contract with a "bona fide labor organization" under a "labor peace agreement" ("LPA"), reprinted below from Exhibit 3.

> (2) In addition to and not in lieu of any other requirement for licensure or certification, or renewal of a license or certification under ORS 475C.085, 475C.097, 475C.125, 475C.133, 475C.289 or 475C.548 with which an applicant must comply, the Oregon Liquor and Cannabis Commission shall require the applicant to submit, along with an application for a license or certification or renewal of a license or certification:
> (a) A signed labor peace agreement entered into between the applicant and a bona fide labor organization actively engaged in representing or attempting to represent the applicant's employees; or
> (b) An attestation signed by the applicant and the bona fide labor organization stating that the applicant and the bona fide labor organization have entered into and will abide by the terms of a labor peace agreement.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

37.     Measure 119 mandates the Licensees to submit an executed LPA or an attestation that an LPA was executed with a bona fide labor organization at the time of the Licensees' licensure renewal. Licensees must then comply with the terms of the LPA.

38.     "Bona fide labor organization" is defined as those under 42 U.S.C. § 402.

39.     Upon information and belief there are only two "bona fide labor organizations" that will enter into an LPA with the Licensees, UCFW 555 and the Teamsters, due to union politics.

40.     Measure 119 fails to provide any dispute resolution process if the bona fide labor organization and the Licensees cannot agree to the terms of the LPA. The Licensees, including Plaintiffs, are left without choice or bargaining power in order to renew their licenses.

41.     Measure 119 conflicts with federal labor law or has the effect of regulating aspects of labor-management relations governed by the NLRA.

42.     Measure 119 fails to recognize an employee's right to choose (or not) their union representation (29 U.S.C. § 157; ORS 475C.281) while commanding the Licensees to enter into binding contracts, albeit improper contracts, or risk licensure.

43.     Measure 119 also fails to define or sufficiently define key terms and processes leaving the Licensees, including Plaintiffs, to guess as to how to comply with Measure 119 when presented with one-sided terms that violate the OLCC's rules and the NLRA's stance on neutrality, thus subjecting the Licensees to lack of fair notice and arbitrary enforcement.

44.     Measure 119 mandates that at minimum under the terms of the LPA, the Licensees agree "to remain neutral with respect to a bona fide labor organization's representatives communicating with employees" of the rights afforded under ORS 663.110, the right to self-

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

organization, to join a labor organization and to bargain collectively, among other things. Measure 119, Section 3(1)(g), is reprinted below from Exhibit 3.

> (g) 'Labor peace agreement' means an agreement under which, at a minimum, an applicant or licensee agrees to remain neutral with respect to a bona fide labor organization's representatives communicating with the employees of the applicant or the licensee about the rights afforded to such employees under ORS 663.110.

45.    By its express language, Measure 119 unlawfully restrains and restricts speech based on its content and viewpoint.

46.    Also, by its express language, Measure 119 requires the Licensees to "remain neutral," which is in direct contention with the NLRA and what an employer and union can do related to unionization and what they cannot under 29 U.S.C. §158 or Section 8 of the NLRA.

**The OLCC is Actively Enforcing Measure 119 as Approved**

47.    On November 18, 2024, the OLCC issued the "Recreational Marijuana Program Compliance Education Bulletin," Bulletin number CE2024-05 ("Bulletin") and proceeded to update the Bulletin on November 26, 2024. A copy of the Bulletin is attached as Exhibit 4.

48.    OLCC's Bulletin confirmed Measure 119's mandate. The OLCC requires the Licensees to include a signed LPA, or an attestation that one has been signed and for which the terms will be abided by with their license renewals. The OLCC provided a sample attestation form for the Licensees to use.

49.    On January 14, 2025, the OLCC provided an updated bulletin as to the enforcement of Measure 119, Bulletin number CE2025-01 ("Bulletin 2"). Bulletin 2 is attached as Exhibit 5.

50.    OLCC's Bulletin 2 clarified that all the Licensees are required to execute an LPA even if they do not have employees or if even if their employees do not want to unionize.

FISHER & PHILLIPS LLP
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

51.     OLCC's Bulletin 2 also warned the Licensees who do not submit an executed LPA or attestation with the renewal application that they are at risk of losing their license or certification.

52.     Failure to comply with Measure 119, Section 2(a)-(b), or the terms of the LPA are grounds for OLCC to deny a licensure or certification as expressly stated under Measure 119.

53.     Upon information and belief, Defendants have denied renewal licensure applications pursuant to Measure 119 that lacked proof of an executed LPA.

54.     Furthermore, if an LPA is terminated, regardless by whom, the Licensees have 30 days to enter into another LPA or be subject to suspension, revocation, and fines. Given the lack of "bona fide labor organizations," willing to enter into LPAs, the Licensees, including Plaintiffs, are under a constant threat of licensure revocation.

55.     The OLCC's Bulletin 2 also cautioned that Licensees are required to follow all OLCC statutes and rules. Should the LPA violate any of those rules, it is at the Licensees' own risk. The OLCC will not excuse the Licensees from potential disciplinary action due to an improper LPA.

**<u>Irreparable Injury</u>**

56.     Plaintiffs have subsequently filed a Motion for Temporary Restraining Order and Preliminary Injunction as further evidence thereof that Plaintiffs require immediate intervention by the Court to prevent the enforcement of Measure 119. Plaintiffs incorporate by reference its Motion for Temporary Restraining Order and Preliminary Injunction.

57.     Ascend's retailer license is up for renewal on February 18, 2025. Ascend was forced to renew without entering into an LPA after numerous attempts to find a "bona fide labor

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

organization" were unsuccessful or the terms of the LPA presented would require Ascend to violate federal and state law to renew its license.

58.     On February 4, 2025, Ascend received communication from the OLCC that it could not process its license renewal until an LPA or attestation between Ascend and a labor union was submitted per Measure 119.

59.     Bubble's Hash's processor's license is up for renewal on May 22, 2025. The terms of the LPA presented to it would require Bubble's Hash to violate federal and state law in order to renew its license.

**First Claim for Relief—Declaratory and Injunctive Relief—28 U.S.C. § 2201**

60.     Plaintiffs reallege all preceding paragraphs as though fully set forth herein.

61.     This case involves an "actual case in controversy" between Plaintiffs and Defendants concerning the constitutionality of Measure 119. Plaintiffs are subject to Measure 119 because they are recreational marijuana processors and retailers as defined by ORS 475.085, 475C.097.

62.     Measure 119 is unconstitutional under numerous Amendments and Articles of the United States Constitution as described herein. By requiring Plaintiffs to sign an LPA or lose their licenses, Plaintiffs are forced to choose between losing their businesses or their constitutional rights and protections.

**COUNT ONE**
**Measure 119 Violates the Supremacy Clause of the**
**United States Constitution and is Preempted**

63.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

64.     The NLRA governs labor relations for private sector employers. The NLRA contains exhaustive regulations for labor relations, including but not limited to collective bargaining, selection of representation, and dispute process. 29 U.S.C. §§ 151-169.

65.     Whether an employer is covered by the NLRA is determined by the National Labor Relations Board (NLRB). The NLRB has exclusive jurisdiction to resolve disputes over whether and by whom employees are represented for collective bargaining purposes.

66.     State or local government actions that purport to regulate activities that are protected, prohibited, or intentionally left unregulated by the NLRA are preempted. *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959); *Int'l Ass'n of Machinists v. Wis. Emp. Rel. Comm'n*, 427 U.S. 132 (1796).

67.     Measure 119 impermissibly intrudes into federally governed labor relations under the NLRA by requiring Plaintiffs to enter into an LPA with a "bona fide labor organization" authorizing the OLCC enforcement authority, to include license revocation, should Plaintiffs decline to do so.

68.     Measure 119 attempts to impose requirements and restrictions in direct violation of the NLRA, that allows employees the right not to engage in union activity, or by silencing employers' communications with their employees about the pros and cons of unionization.

69.     Measure 119 also commands Licensees to support a bona fide labor organizations' organizing efforts, which is a direct violation of an employees' Section 7 rights. *Ladies Garment Workers (Bernhard-Altmann) v. NLRB*, 366 U.S. 731, 739 (1961); *Dana Corp.*, 356 NLRB 256, 265 (2010). Likewise, a union's acceptance of such support also violates Section 8.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

70.    The terms to the LPA are undefined, succumbing Licensees to a bona fide labor organization's attempts to negotiate terms that are in direct violation of the NLRA and its stance on neutrality agreements.

71.    Measure 119 is preempted pursuant to the *Garmon* preemption set forth in *San Diego Bldg. Trades Council v. Garmon*, 359 U.S. 236 (1959), in that it purports to frustrate or prohibit conduct permitted and rights guaranteed to employers under the NLRA.

72.    Measure 119 is also preempted pursuant to the *Machinists* preemption under *Int'l Ass'n of Machinists and Aerospace Workers v. Wis. Emp. Rel. Comm'n,* 427 U.S. 132 (1976), in that it purports to regulate areas Congress intentionally left to be controlled by the free play of economic forces, including the right not to reach an agreement with a union.

73.    Without a declaratory judgment and an injunction enjoining enforcement of Measure 119 Plaintiffs, and its employees, will be deprived of the rights this Complaint seeks to enforce.

## COUNT TWO
### Measure 119 Violates Due Process (Void for Vagueness) of the Fourteenth Amendment of the United States Constitution

74.    Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

75.    Under the Due Process Clause, "[n]o state shall make or enforce any law which shall . . . deprive any person of life, liberty, or property, without due process of law." "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "Even when speech is not at issue, the void for vagueness doctrine addresses at least two connected but discrete due process concerns: first, that regulated parties should know what is required of them so they may act

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

accordingly; second, precision and guidance are necessary so that those enforcing the law do not act in an arbitrary or discriminatory way." *FCC v. Fox Television*, 567 U.S. 239, 254 (2012).

76.    Measure 119 violates the constitutional due process requirement in that it does not properly distinguish from permissible to impermissible conduct and is unconstitutionally void for vagueness.

77.    The following terms, definitions, or phrases render Measure 119 void for vagueness:

(a)    The term "Labor Peace Agreement," as it is subject to a broad and unreasonable interpretation and could include anything demanded by any party at any time that is not facially consistent with the LPA, the OLCC, or the NLRA;

(b)    The term "Licensee" even as statutorily defined, is broad and could encompass licensees that are not subject to the NLRA, thus having no rights or protections against a "bona fide labor organization" like those subject to the NLRA.

78.    Measure 119 does not set forth a dispute resolution process for entering into an LPA. A few examples of key missing terms include, but are not limited to:

(a)    Procedures for dispute resolution;

(b)    What rules apply to dispute resolution;

(c)    What terms of the LPA would be considered standard or acceptable in the event dispute resolution failed between Plaintiffs and a bona fide labor organization;

(d)    Whether Plaintiffs would be bound by the LPA if the bona fide labor organization does not honor the applicable terms;

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

      (e)     If and how an alleged penalty would be assessed against Plaintiffs for non-compliance; and

      (f)     Whether Plaintiffs are required to enter into an LPA if its employees already have a collective bargaining representative.

79.     Plaintiffs are entitled to a declaration that Measure 119 is unconstitutionally vague, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

**COUNT THREE**
**Measure 119 Violates Due Process (First Amendment Freedom of Speech) of the**
**Fourteenth Amendment of the United States Constitution**

80.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

81.     Measure 119 violates the Fourteenth Amendment to the United States Constitution, which protects the freedom of speech guarantee found in the First Amendment to the United States Constitution in ways that include, but are not limited to:

      (a)     Engaging in content based discrimination by forcing Plaintiffs to agree not to disrupt efforts by a bona fide labor organization to communicate with, and attempt to organize and represent, Plaintiffs' employees, which results in repressing Plaintiffs' expression concerning the merits of unionization;

      (b)     Engaging in viewpoint based discrimination by forcing Plaintiffs to agree not to express criticism regarding unionization, resulting in the ban of any viewpoint that disagrees with unionization; and

      (c)     Being so vague as to chill the exercise of protected free speech rights.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

82.     Plaintiffs are entitled to a declaration that Measure 119 is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution due to the constraints on Plaintiffs' First Amendment Right protections.

**COUNT FOUR**
**Measure 119 Violates Equal Protection of the**
**Fourteenth Amendment of the United States Constitution**

83.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

84.     Measure 119 violates the Equal Protection Clause guarantees of the Fourteenth Amendment of the United States Constitution in ways that include, but are not limited to:

        (a)     Favoring unions desiring to advance their cause with employees while requiring Plaintiffs to forego constitutional rights and protections; and

        (b)     Treating all of the Licensees differently for purposes of licensure renewal because not all of the Licensees are subject to the same rights and protections afforded under the NLRA when dealing with unionization.

85.     Plaintiffs are entitled to a declaration that Measure 119 is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution under Equal Protections of the law.

**COUNT FIVE**
**Measure 119 Violates Due Process (Right to Contract) of the**
**Fourteenth Amendment of the United States Constitution**

86.     Plaintiffs reallege all the proceeding paragraphs as though fully set forth herein.

87.     The Contract Clause of Article 1, Section 10, Clause 2 of the United States Constitution prevents Oregon from disrupting contractual arrangements.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

88.    Measure 119 has stripped Plaintiffs of all negotiating power as they must obtain a binding LPA, allowing the bona fide labor organization to withhold its agreement unless and until it obtains significant concessions or else lose its cannabis license.

89.    These provisions, alone and in combination, impermissibly skew the "playing field" between labor and Plaintiffs by giving unfettered leverage to a bona fide labor organization dealing with Plaintiffs.

90.    Measure 119 accepts that it is wholly within the bona fide labor organization's discretion whether to commit to an LPA with Plaintiffs and Plaintiffs have no ability to leverage or negotiate with the bona fide labor organization because the LPA is a mandate by Defendants. Plaintiffs are then forced to enter into contracts under duress and without voluntary consent.

91.    In the event the bona fide labor organization and Plaintiffs are unable to agree to an LPA, or a dispute arises between Plaintiffs and the bona fide labor organization related to the LPA, there is no mechanism by which the dispute will be settled.

92.    Measure 119 forces Plaintiffs to agree to unfair and illegal terms under state and federal law.

93.    In addition, although Plaintiffs must enter into an LPA, or risk its licensure, there is no corresponding obligation of the bona fide labor organization to request an LPA or to honor a request by Plaintiffs to enter into an LPA.

94.    Measure 119 does not appear to provide any sanction against a bona fide labor organization. Plaintiffs, on the other hand, face the imposition of costs and other penalties by Defendants, including the loss of their right to do business altogether.

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

95.     Measure 119 operates as a substantial impairment to a contractual relationship that is not reasonable to advance any significant and legitimate public purpose.

96.     Plaintiffs are entitled to a declaration that Measure 119 is unconstitutional, in violation of the Due Process Clause of the Fourteenth Amendment of the United States Constitution as an unlawful restraint on the freedom to contract.

## JURY DEMAND

Plaintiffs hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief from this Court as follows:

1.     Issue a Declaratory Judgment that Measure 119 is (1) unconstitutional under the United States Constitution and preempted by the NLRA, (2) unconstitutional under the United States Constitution as void for vagueness, (3) unconstitutional under the United States Constitution as an unlawful restraint on speech, (4) unconstitutional under the United States Constitution and the equal protections of the law, and (5) unconstitutional under the United States Constitution and the right to contract.

2.     Issue a temporary, preliminary, and permanent injunction:

(a)     Restraining and enjoining Defendants, their agents, and employees and all persons acting in concert or participation with them, from in any manner or by any means, enforcing or seeking to enforce Measure 119 and other law that requires Plaintiffs to enter into an LPA, determined by this Court to be invalid, preempted by federal law,  impermissibly vague, or otherwise unconstitutional;

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262

(b)    Requiring Defendants to issue such notices and take steps as shall be necessary and appropriate to carry into effect the substance and intent of paragraph 2(a) above, including but not limited to, the requirement that Defendants publicly withdraw and rescind any directions, requests, or suggestions to Plaintiffs that it is bound by or must be bound by Measure 119; and

(c)    Grant such other, further, or different relief as to which Plaintiffs may be entitled.

3.    Award Plaintiffs' its reasonable costs and attorney fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, or any other applicable law.

4.    Grant any such other further relief that this Court may deem just and proper.

DATED this 12th day of February, 2025.

FISHER & PHILLIPS LLP

_s/ Stephen M. Scott_____
Stephen M. Scott, OSB No. 134800
smscott@fisherphillips.com
Todd A. Lyon, OSB No. 076706
tlyon@fisherphillips.com
Janelle W. Debes, OSB No. 211543
jdebes@fisherphillips.com
Telephone: (503) 242-4262
Facsimile: (503) 242-4263

Attorneys for Plaintiffs

**FISHER & PHILLIPS LLP**
111 SW Fifth Avenue, Suite 4040
Portland, Oregon 97204
(503) 242-4262